**Gurmail SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72613.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 19, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Martin Resendez Guajardo, Esq., Law Offices of Martin Resendez Guajardo, A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Timothy Simmons, USPO—Office of the U.S. Attorney, Mark O. Hatfield U.S. Courthouse, Portland, OR, Papu Sandhu, Esq., Jennifer Keeney, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Gurmail Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary decision affirming the immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We lack jurisdiction to review the IJ's determination that Singh failed to file a timely asylum application. *See Ramadan v. Gonzales,* 427 F.3d 1218, 1222 (9th Cir. 2005).

We have jurisdiction under 8 U.S.C. § 1252 to review the denial of withholding of removal and CAT relief. We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and deny the petition.

Substantial evidence supports the IJ's adverse credibility finding because Singh's testimony regarding the location of and circumstances surrounding his arrests were inconsistent and went to the heart of his asylum claim. *See id.* at 1043. Accordingly, he is not eligible for withholding of removal. *See Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004). Singh's CAT claim also fails because it is based on the same testimony that the IJ concluded was incredible. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

**DISMISSED in part and DENIED in part.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.